UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Albert Coates,<br><br>    Plaintiff,<br><br>v.<br><br>Medicredit, Inc.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Albert Coates ("Mr.Coates"), is a natural person who resided in Mangham, Louisiana, at all times relevant to this action.

2. Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri corporation, is domiciled in St. Louis, Missouri and maintained its principal place of business in Columbia, Missouri, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. Before Medicredit began contacting Mr. Coates, it and Mr. Coates had no prior business relationship and Mr. Coates had never provided express consent to Medicredit to be contacted on his cellular telephone.

6. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Medicredit's revenue is debt collection.

8. Medicredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Medicredit contacted Mr. Coates to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Mr. Coates is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Upon information and belief, Medicredit began calling Mr. Coates on his cellular phone, at phone number (318) XXX-1037, in connection with the collection of a debt.

13. Shortly after the calls began and on multiple occasions thereafter, Mr. Coates advised Medicredit he was disabled, only received disability benefits, and could not pay the debt.

14. In addition, Mr. Coates communicated his desire that Medicredit cease calling him.

15. Despite these communications, Medicredit continued to call Mr. Coates on his cellular phone on an almost daily basis.

16. On multiple occasions, Medicredit continued to demand payment and pressure Mr. Coates to make a payment, even though Mr. Coates had already informed Medicredit that he had no ability to pay the debt.

17. Medicredit's collection efforts, including but not limited to its telephone calls, caused Mr. Coates emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

18. Medicredit's collection efforts also intruded upon Mr. Coates's privacy.

19. In addition, each time Medicredit placed a telephone call to Mr. Coates, Medicredit occupied Mr. Coates's telephone number such that Mr. Coates was unable to receive other phone calls at that telephone number while Medicredit was calling him.

20. Medicredit's telephone calls also forced Mr. Coates to lose time by having to tend to Medicredit's unwanted calls.

## COUNT ONE
(Violation of the Fair Debt Collection Practices Act)

21. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 20 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

23. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO
(Violation of the Telephone Consumer Protection Act)

24. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 20 above as if fully set forth herein.

25. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they

> force the sick and elderly out of bed; they hound us until we want
> to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

26. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

27. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

28. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

29. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

30. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7691, 7999-8000, ¶ 72-73 (2015).

31. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

32. The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015).

33. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

34. In addition, The TCPA provides, in part:

    > If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

    47 U.S.C. § 227(b)(3).

35. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

36. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

37. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

38. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number, (318) XXX-1037, using an ATDS and/or an artificial or prerecorded voice.

39. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   June 15, 2016						By: s/ Sean C. Paul_____
								        Sean C. Paul

*Of Counsel*
Hyslip & Taylor, LLC, LPA
8917 Gravois Rd.
St. Louis, MO  63123
Phone: 314-827-4027
Fax: 314-222-0619
Email: rightofcenter77@yahoo.com
Missouri Bar No. 59371
Attorney for Plaintiff